UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN PIOTR NOWAK,

                    Petitioner,

          -against-

JAMIE DIMON, et al.,

                    Respondents.

25-MC-00515 (JAV)

ORDER OF DISMISSAL

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous action, for which he paid a reduced filing fee.[1] The District Clerks' Manual, published by the Administrative Office of the United States Courts, "sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). The Manual lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03.(a)(1)(ii)-(xvi)).

In addition, a miscellaneous case can be an ancillary proceeding that is directly or indirectly related to a civil or criminal case within the district or another district. *Id.* § 4.03(a)(1).

---

[1] The filing fee for a miscellaneous case is $52.00 and fees for a civil action are $405.00.

"[C]ivil matters are classified as either civil or miscellaneous cases depending on the nature of relief sought in the initiating document." *Id.* § 302(a).

In this action, Petitioner appears to be challenging the validity of a mortgage loan and promissory note entered into with JP Morgan Chase Bank, N.A.   ECF No. 1 at 5.   The relief that Plaintiff seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.[2]

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.   The Clerk of Court is directed to close the case and to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Plaintiff is not entitled to a refund of the filing fee.

2

SO ORDERED.

Dated:    March 2, 2026
          New York, New York

_____
United States District Judge